| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| WILLIE M. WILTZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:09-CV-925 |
| § | |
| CHRISTUS HOSPITAL ST. MARY and § | |
| CHRISTUS HOSPITAL ST. ELIZABETH, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER OVERRULING OBJECTIONS AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

In this *pro se* action, plaintiff seeks to impose liability on her former employer based on alleged intraracial discrimination by co-workers. The court referred this matter to a United States magistrate judge for pretrial proceedings pursuant to General Order 05-07.

After thoroughly vetting plaintiff's factual allegations,[1] the magistrate judge concluded that, aided by liberal construction, plaintiff fairly asserts: (1) "hostile work environment," "constructive discharge," and "retaliation" claims based on race, color, and sex discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Civil Rights Act of 1866 ("Section 1981"); (2) an age discrimination cause of action under the Age Discrimination in Employment Act of 1967 ("ADEA"); and (3) a pay discrimination claim under the Equal Pay Act of 1963.

---

[1] The magistrate judge considered factual allegations in plaintiff's original complaint, her attached charge presented to the Equal Employment Opportunity Commission, several responses to defendants' summary judgment motion, and plaintiff's testimony at a two *Spears*-type hearings. *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985)

After analyzing each claim, the magistrate judge recommended that defendants' motion for summary judgment be granted with regard to plaintiff's Title VII, ADEA, and Section 1981 retaliation claims, but denied with regard to plaintiff's Section 1981 claims for race-based hostile work environment and constructive discharge. Additionally, the magistrate judge recommended that the court dismiss *sua sponte* plaintiff's Equal Pay Act cause of action for failure to state a claim under Rule 12(b)(6).

Defendants filed a timely objection to the magistrate judge's recommended disposition. Such objection requires that a district judge of the court make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

I.  Defendants' Objection

Defendants object only to the magistrate judge's (a) conclusion that plaintiff's complaint asserts Section 1981 claims, and (b) finding that the record discloses a genuine dispute as to a material fact which precludes entry of a summary judgment on plaintiff's Section 1981 claims alleging hostile work environment and constructive discharge based on race or color. Defendants argue that plaintiff asserts no Section 1981 claims in her complaint, deposition, or responsive pleadings, and that the magistrate judge erred in discerning such claims from plaintiff's EEOC charge attached to her complaint. Defendants argues, alternatively, that even if plaintiff's complaint is construed to encompass Section 1981 claims, no genuine dispute as to a material fact is present with respect to such claims because plaintiff testified at her deposition that the harassment on which such claims are premised was not based on her race or color, but rather because she was a "straight arrow" and a "do-gooder," Therefore, in defendants' view, plaintiff admitted away her claim that she was discriminated against because of her race or color.

II.     Liberal Construction

Defendants do not challenge the magistrate judge's general conclusions that since plaintiff is *pro se*, (a) her factual allegations must be liberally construed, (b) her allegations are held to less stringent standards than formal pleadings drafted by lawyers, and (c) she need not necessarily neatly place her factual allegations within a correct legal framework. Rather, defendants contend that as a matter of law, and irrespective of what causes of action were in an EEOC charge, plaintiffs may rely only on causes of action actually presented in their judicial complaints or raised in response to motions for summary judgment.

The court likely has discretion to entertain only claims specifically articulated in a judicial complaint. *See Michael Ching-Lung Wang v. Formosa Plastics Corp.*, No. 07-40855, 268 Fed. Appx. 306, 307-08, 2008 WL 582429, at *1-2 (5th Cir. Mar. 4, 2008) (not selected for publication) (holding that although [plaintiff's] EEOC charge asserted various instances of discriminatory practices and alleged discrimination based on race, sex, and age, the allegations in his complaint were limited to sex discrimination and he was thus limited to pursuing only the sex discrimination claim). Conversely, the court clearly has discretion, especially when considering *pro se* allegations, to consider claims made in an underlying and attached EEOC charge. *See Clark v. Huntleigh Corp.*, No. 04-30836, 119 Fed. Appx. 666, 667, 2005 WL 79111, at *1-2 (5th Cir. Jan. 12, 2005) (not selected for publication) ("[O]ur precedent compels us to examine all of [plainitff's] complaint, including the [EEOC charge] attachments.").

This is an instance in which the magistrate judge correctly recommends that the court exercise its discretion to entertain Section 1981 claims referenced in plaintiff's EEOC charge. First, the EEOC charge was attached to and made a part of plaintiff's judicial complaint "as a brief

3

statement of the facts supporting the complaint." *See* Pl.'s Compl. at p. 3. The header portion of the EEOC charge specifically states that plaintiff asserts a claim of discrimination based on "42 USC 1981." *See* Pl.'s Compl. at p. 6.

Second in the case at hand, plaintiff does not attempt to assert entirely new causes of action like the plaintiff in the *Ching-Lung Wang* case. Section 1981 provides duplicate or redundant remedies for workplace discrimination prohibited by Title VII. Thus, a race-based claim of hostile work environment or constructive discharge is cognizable under both Section 1981 and Title VII. *See, e.g., Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 384, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004) (determining that hostile work environment and wrongful termination claims could arise under the 1991 amendments to Section 1981); *Farpella-Crosby v. Horizon Health Care*, 97 F.3d 803, 808 (5th Cir. 1996) (constructive discharge in violation of Section 1981); *Prejean v. Radiology Assocs. of Sw. La.*, 342 Fed. Appx. 946, 949 (5th Cir. 2009) (same). It is illogical to assume that plaintiff in this case intended not to assert duplicate and redundant Section 1981 claims, especially ones that would otherwise save time-barred Title VII claims. Under this circumstance, liberal construction weighs in favor of the magistrate judge's conclusion that plaintiff adequately raises Section 1981 claims.

III. <u>Genuine Dispute as to a Material Fact</u>

Defendants further contend that plaintiff's Section 1981 claims for hostile work environment and constructive discharge fail as a matter of law because the alleged harassment was not "based on" race or color. Defendants contend that the only evidence in the record relating to the basis for the alleged harassment is from plaintiff's deposition testimony and hearing testimony in which she testified that the alleged harassment was based on the fact that she was a "straight arrow" and a "do-gooder," and has thus admitted away her claims.

4

The magistrate judge correctly determined that the record contains additional relevant evidence that suffices to raise a genuine dispute as to a material fact regarding plaintiff's Section 1981 claims for hostile work environment and constructive discharge. Plaintiff testified that her supervisors ignored her complaints that a coworker physically assaulted her by hitting her on the wrist with a stapler, and constantly demeaned her for a period of over two years through vulgar references to her lighter skin color, and through color-based taunting. Plaintiff specifically testified that these color-related comments were made "thousands of times," and that she feared for her life. Further, she contends that a supervisor told her to "take the harassment or quit," and would either throw her complaints in the trash or forward them to the coworker that was harassing her to provoke further harassment. She also complains that upon submitting her first complaint, she was transferred from the day shift – which she worked for approximately eighteen years – to the less desirable "graveyard shift," which ran from 10:00 p.m. to 6:30 a.m.

Plaintiff's deposition testimony relied on by defendants is a formidable obstacle that plaintiff may not be able to overcome at trial, but the magistrate judge correctly observed that it does not eliminate altogether a genuine dispute of material fact as whether plaintiff's harassment was based on race or color given the totality of the circumstances.

IV. Order

Defendants' objection is **OVERRULED**, the report of the magistrate judge is **ADOPTED**, and defendants' "Motion for Summary Judgment" (Docket No. 31) is **GRANTED** in part and **DENIED** in part as recommended by the magistrate judge.

Partial Final Judgment will be entered separately.

SIGNED at Beaumont, Texas, this 25th day of April, 2011.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE